Mark S. Fisher Prosecuting Attorney of Pike County 115 West Main Street Bowling Green, MO 63334
Dear Mr. Fisher:
You have submitted the following questions to this office:
 1. May a sheriff who resigned from office be named a political party's candidate for the ensuing special election provided for under Sections 115.363 through 115.377 RSMo?
 2. May the resignation of a sheriff be rescinded after the sheriff has filed a written resignation, same has been accepted in writing by the County Commission, the County Commission has named an interim sheriff and called for a special election?
From the information that you have submitted it appears that the sheriff of Pike County resigned in January 2001. The county commission appointed an interim sheriff and scheduled a special election with notification to the political parties of the county.
There appears no reason to preclude the individual who resigned as sheriff from running for that office. Section 57.010, RSMo 1994, provides for the qualifications for that office. It provides, in pertinent part:
 No person shall be eligible for the office of sheriff who has been convicted of a felony. Such person shall be a resident taxpayer and elector of said county, shall have resided in said county for more than one whole year next before filing for said office and shall be a person capable of efficient law enforcement.
There is nothing in the information that you have submitted that indicates that the former sheriff is disqualified from serving as sheriff under this section.
Section 57.080, RSMo Supp. 1999, provides the procedure when a vacancy occurs in the office of sheriff. It provides that:
 Whenever from any cause the office of sheriff becomes vacant, the same shall be filled by the county commission; if such vacancy happens more than nine months prior to the time of holding a general election, such county commission shall immediately order a special election to fill the same, and the person by it appointed shall hold said office until the person chosen at such election shall be duly qualified; otherwise the person appointed by such county commission shall hold office until the person chosen at such general election shall be duly qualified; but while such vacancy continues, any writ or process directed to the said sheriff and in such sheriff's hands at the time such vacancy occurs, remaining unexecuted, and any writ or process issued after such vacancy, may be served by any person selected by the plaintiff, the plaintiff's agent or attorney, at the risk of such plaintiff; and the clerk of any court out of which such writ or process shall issue shall endorse on such writ or process the authority to such person to execute and return the same, and shall state on such endorsement that the authority thus given is "at the request and risk of the plaintiff", and the person so named in said writ or process may proceed to execute and return said process, as sheriffs are by the law required to do. Such election shall be held on or before the tenth Tuesday after the vacancy occurs. Upon the occurrence of such vacancy, it shall be the duty of the presiding commissioner of the county commission, if such commission be not then in session, to call a special term thereof, and cause said election to be held.
In your request for an opinion you state that:
 On January 11, 2001, Pike County Sheriff tendered his resignation to the Pike County Commission. The resignation was in writing and delivered to the County Commission. On that same day, the County Commission, in writing, accepted said resignation and appointed an interim sheriff in accordance [with] 57.080 RSMo. The Commission then, the following week, gave notice of a special election and notified the political parties recognized in Pike County.
 The sheriff, who resigned, has expressed an interest in being one of the parties['] nomination for the special election or, in the alternative, asks the County Commission to rescind its acceptance of his resignation and allow him to be reinstated as sheriff.
The mechanics of holding a special election to fill a vacancy are governed generally by Section 115.125, RSMo Supp. 1999; Section 115.127, RSMo Supp. 1999; and Section 115.363.5, RSMo Supp. 1999. It is our understanding that the process for holding the special election has been started.
From the foregoing it appears that the sheriff of Pike County resigned and that the county commission filled the vacancy created by that resignation pursuant to Section 57.080, RSMo Supp. 1999. The commission has called a special election as also provided by that statute. There is no provision for a rescission of a resignation, particularly in the circumstances stated in your request.
 CONCLUSION
An individual who resigns as sheriff is not disqualified from running for that office because of that resignation. A county commission that has appointed an interim sheriff in accordance with Section 57.080, RSMo, is without authority to reinstate that individual who resigned as sheriff to complete the term of office.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General